**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**BRANDON CLINKSCALES,**

***Plaintiff,***

**v.** **Case No. SA-26-CV-05597-JKP**

**CROSSCOUNTRY MORTGAGE, LLC, NATIONSTAR MORTGAGE LLC, D/B/A MR. COOPER; AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE GINNIE MAE II MBS POOL MA9607;**

***Defendants.***

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. *ECF Nos. 11, 14*. Plaintiff Brandon Clinkscales responded. *ECF No. 13*. Upon consideration, the Motion to Dismiss is **GRANTED**.

### Factual Background

On July 20, 2026, Clinkscales filed in state court an Emergency Petition to Challenge Standing, Compel Accounting Under Law Prior to Any Deprivation of Property, and to Enjoin the Non-Judicial Foreclosure Process Until Due Process of Law Is Afforded, Petition for Preliminary Injunction, Order to Show Cause, and Expedited Evidentiary Hearing (the "Petition"). *ECF No. 1-5*. By filing suit, Clinkscales seeks to halt the non-judicial foreclosure of his residential property. Clinkscales alleges as factual basis for his suit that the "alleged note" held by Defendants was satisfied by in-clearings credits in his name through the Federal Reserve clearing sys-

tem. Clinkscales asserts Defendants received credit, not from his own mortgage payments, but through the Federal Reserve clearing system in satisfaction of the "alleged note." Clinkscales contends Defendants have no standing to enforce the "alleged note" because Defendants' Real Estate Mortgage Investment Conduit ("REMIC") representations are mutually exclusive with any claimed security interest, thereby eliminating any right to enforce the note. Clinkscales further alleges Defendants violated various federal laws and regulations, due process, and common-law doctrines, including that certain mandatory accounting procedures were required prior to institution of the non-judicial foreclosure. Clinkscales contends the Magna Carta of 1215, the English Bill of Rights of 1689, the Northwest Ordinance of 1787, and the Declaration of Independence all provide him status as a "sovereign citizen" to preclude any attempt to foreclose on his residential property.

Based upon these allegations, Clinkscales asserts causes of action for: (1) lack of standing to invoke the non-judicial foreclosure process, (2) compelled accounting for "in-clearings settlement records" under U.C.C. § 9-210, (3) due process violations in the initiation of the non-judicial foreclosure, (4) mandatory GAAP/accrual accounting, and (5) satisfaction of the debt by in-clearings credit. Defendants now move to dismiss all causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Legal Standard**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

In assessing a motion to dismiss under Rule 12(b)(6), the court's review is limited to the live Complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).

**Discussion**

The Court liberally construes all factual allegations supporting the asserted causes of action. Liberally construed, Clinkscales's Petition fails to state a plausible cause of action or any claim upon which relief can be granted.

The Petition appears to recite verbiage "commonly used by adherents of the so-called sovereign-citizen movement." *See, e.g.*, *Brown v. Exeter Fin. LLC*, No. 3:21-cv-00169, 2021 WL 4342336, at *5 (N.D. Tex. Aug. 27, 2021), rep. & rec. adopted, 2021 WL 4319666 (Sept. 23, 2021); *Wise v. Warden, FCI Texarkana*, No. 5:15-cv-45, 2017 WL 2869079, at *1 (E.D. Tex. Jul. 5, 2017); *Mack v. Sweet*, No. 4:17-CV-00434, 2017 WL 6756667, at *3 (N.D. Tex. Dec. 4, 2017), rep. & rec. adopted, 2017 WL 6729630 (Dec. 28, 2017) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)); *Sealey v. Branch Banking and Trust Co.*, No. 2:17-cv-785, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). To this extent, federal courts repeatedly reject these sovereign-citizen legal theories. *See id*.

Though not identical, the premise of all of Clinkscales's allegations and asserted causes of action is an "in-clearings credit" theory; that is, the Federal Reserve member institutions receive credits against borrowers' promissory notes that satisfy the debt at origination. This "in-clearings" theory is a well-known variant of the sovereign citizen and "vapor money" theories that have been uniformly rejected as frivolous. *See McLaughlin v. CitiMortgage, Inc.*, 726 F.Supp.2d 201, 210–13, esp. 211 (D. Conn. 2010).

Next, Clinkscales appears to allege Defendants violated the UCC by failing to timely respond to his request for a UCC 9-210 statement of accounting. However, a private right of action is required to afford Clinkscales a right to recover under any statute that he invokes. *See, e.g., Bautista v. Santander Consumer USA*, No. 3:24-CV-2935, 2025 WL 2181690, at *4 (N.D. Tex. July 10, 2025), rep. & rec. adopted, 2025 WL 2223245 (Aug. 5, 2025); *Truehill v. Manufacturers & Traders Tr. Co.*, No. CV 24-971, 2025 WL 1371827, at *7 (M.D. La. Feb. 18, 2025), rep. & rec. adopted, 2025 WL 973191 (Apr. 1, 2025); P*atterson v. Long Beach Mortg. Co.*, No. 3:07-cv-1602, 2009 WL 4884151, at *3 (Dec. 15, 2009). Clinkscales cites no Texas law or statute or

that provides a private right of action. Absent citations to a particular state law modeled on the UCC that also affords a private right of action, Clinkscales cannot bring a claim or cause of action under the UCC itself. *See id.*; *see also Sells v. Flagstar Bancorp Inc.*, Nos. 1:24-CV-705-RP & 1:24-CV-608-RP, 2025 WL 284224, at *4 (W.D. Tex. Jan. 7, 2025) ("[T]he UCC provisions relied upon by Plaintiff provide defenses to judicial enforcement of a note, and do not give rise to a private right of action).

Finally, Clinkscales asserts the following causes of action: (1) lack of standing to invoke the non-judicial foreclosure process, (2) compelled accounting for "in-clearings settlement records" under U.C.C. § 9-210, (3) due process violations in the initiation of the non-judicial foreclosure, (4) mandatory GAAP/accrual accounting, and (5) satisfaction of the debt by in-clearings credit.

"A liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, No. 99-0295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)). A "court is not required to search for or try to create causes of actions or find material issues of fact for pro se plaintiffs." *Id.*; *Truehill*, 2025 WL 1371827, at *3. Upon liberal construction, the Court cannot find any of these assertions refer to an existing or recognized cause of action.

Leave to amend is appropriate when "it appears [that] a more careful or detailed drafting might overcome the deficiencies." *Id.* at *2 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977)). Because Clinkscales's asserted causes of action have no basis in law and are based on recognized meritless legal theories, Clinkscales cannot salvage this action by any amendment. *See Whitfield v. Am. Express Nat'l Bank*, No. SA-24-CV-00081, 2024 WL 1543236,

at *3 (W.D. Tex. Apr. 9, 2024); *Whitfield v. Navy Fed. Credit Union*, 5:24-CV-00082, 2024 WL 7110789, at *2 (W.D. Tex. Oct. 1, 2024). For this reason, Clinkscales will not be permitted leave to amend, and this case will be dismissed with prejudice.

It is so ORDERED.
SIGNED this 18th day of November, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE